UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIAMOND RESORTS U.S.
COLLECTION DEVELOPMENT, LLC
and DIAMOND RESORTS
INTERNATIONAL, INC.,

      Petitioners,

v.                                         Case No. 6:18-cv-127-Orl-37DCI

SANDY WILLIAM ROYCE,

      Respondent.

## ORDER

This case concerns a petition to confirm an arbitration award. (Doc. 1 ("**Petition**").) On review, the Court grants the Petition.

### I.     BACKGROUND

Petitioners instituted this action on January 25, 2018 seeking to confirm the arbitration award entered against Respondent under the Federal Arbitration Act, 9 U.S.C. § 9. (Doc. 1.) Specifically, Petitioners seek confirmation of the interim and final awards after arbitration proceedings against Respondent concluded on January 31, 2017. (*Id.* ¶¶ 37–46.) The interim award found in Petitioners' favor in all respects and the final award stated the total award amount, including attorney's fees and costs, that Petitioners were entitled to as a result. (*Id.* ¶¶ 34–36 ("**Award**").) This total was $157,767.21, with per diem interest continuing to accrue for breach of the Promissory Note. (Doc. 30-3, pp. 8–11.)

Respondent failed to move to vacate, modify, or correct the Award within three

months as required by 9 U.S.C. § 12, so Petitioners filed this action to confirm the Award. (Doc. 1, ¶¶ 37–46.) Respondent previously moved to dismiss the Petition with prejudice for insufficient process and service under Federal Rules of Civil Procedure 12(b)(4) and (5). (Doc. 13.) The Court denied that motion without prejudice based on Respondent's lack of conferral. (Doc. 15.) Respondent then filed a renewed motion to dismiss for insufficient process and service (Doc. 24), which, upon thorough analysis, the Court denied (Doc. 27 ("**MTD Order**")). Respondent did not move for reconsideration of the MTD Order. With the issue of service then settled, the Court set a briefing schedule for the Petition. (Doc. 28.) Petitioners' initial brief requests the Court confirm the Petition based on Respondent's failure to timely challenge the Award as required by the FAA. (Doc. 30.) But Respondent's brief, instead of responding to Petitioners' arguments, re-litigates the issues of service and process. (Doc. 33, pp. 4–18.) Briefing complete, the matter is ripe.

## II.   LEGAL STANDARDS

The Federal Arbitration Act ("**FAA**") controls the Court's review of an arbitration award. *See* 9 U.S.C. §§ 9–12. The FAA provides the exclusive grounds to vacate or modify an arbitration award. *See Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008); *see also Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1324 (11th Cir. 2010) (holding judicially-created bases for vacating arbitration awards are no longer valid in light of *Hall Street*). Judicial review of arbitration awards is "narrowly limited" and the FAA presumes that arbitration awards will be confirmed. *See B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir. 2006), *abrogated on other grounds by Frazier*, 604 F.3d 1313.

9 U.S.C. § 10 describes four instances where a court may vacate an award:

(1) Where the award was procured by corruption, fraud, or undue means;
(2) Where there is evident partiality or corruption in the arbitrators;
(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the case and controversy; or of any other misbehavior by which the rights of any other misbehavior by which the rights of any party have been prejudiced; or
(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made

9 U.S.C. § 10(a)(1)–(4). And under § 11, arbitration awards may be corrected or modified:

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

Confirmation of an arbitration award is intended to be summary, and confirmation should be withheld only if a party meets the substantial burden imposed under 9 U.S.C. §§ 10 or 11. *See Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989).

### III.   ANALYSIS

Petitioners seek confirmation of the Award based on the simple premise that Respondent waived any objection by not timely moving to vacate, modify, or correct the Award entered against her as required by the FAA. (Doc. 30, pp. 5–6.) Respondent opposes on the grounds that the Court lacks jurisdiction over the Petition because Petitioners failed to perfect service and process. (Doc. 33, pp. 9–15.) As the Court

previously disposed of process and service issues in the MTD Order (Doc. 27), and Respondent unquestionably hasn't raised any of the FAA's vacatur grounds (Doc. 33, pp. 4–15), the Court must confirm the Award.[1]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioners Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts International, Inc.'s Petition/Motion to Confirm an Arbitration Award Pursuant to Section 9 of the Federal Arbitration Act (Doc. 1) is **GRANTED**.

2. The Interim Award of Arbitrator dated November 16, 2016, as modified and finalized by the Final Award dated January 31, 2017 (Doc. 30-3) is **CONFIRMED**.

3. The Clerk is **DIRECTED** to enter judgment in favor of Petitioners and against Respondent in the amount of $157,767.21, plus accrued interest; and **CLOSE** the file.

4. Petitioners may thereafter file a motion for attorneys' fees and costs related to this proceeding.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 18, 2019.

---

[1] In a last-ditch effort, Respondent claims that the U.S. Court of Appeals for the Eleventh Circuit recognizes a "public policy" exception for vacating an arbitration award. (Doc. 33, pp. 14–15.) The Court previously discussed and discarded this argument in *Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts International, Inc. v. Nancy A. Johnson*, Case No. 6:18-cv-90-Orl-37TBS, Doc. 25 (Apr. 16, 2019), and adopts that reasoning.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record